1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7 | NOU THAO,

Case No. 16-cv-01098-PJH

8 | Plaintiff,

**ORDER OF SERVICE**

9 | v.

10 | CALIFORNIA PRISON INDUSTRY
AUTHORITY, et al.,

11 | Defendants.

12

13 | Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. §

14 | 1983.   He has been granted leave to proceed in forma pauperis.

15 | **DISCUSSION**

16 | **I.     STANDARD OF REVIEW**

17 | Federal courts must engage in a preliminary screening of cases in which prisoners

18 | seek redress from a governmental entity or officer or employee of a governmental entity.

19 | 28 U.S.C. § 1915A(a).   In its review the court must identify any cognizable claims, and

20 | dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief

21 | may be granted, or seek monetary relief from a defendant who is immune from such

22 | relief.  *Id.* at 1915A(b)(1),(2).   Pro se pleadings must be liberally construed.  *Balistreri v.*

23 | *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24 | Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

25 | of the claim showing that the pleader is entitled to relief."  "Specific facts are not

26 | necessary; the statement need only '"give the defendant fair notice of what the . . . . claim

27 | is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   (citations omitted).  Although in order to state a claim a complaint "does not need detailed

2   factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

3   to relief' requires more than labels and conclusions, and a formulaic recitation of the

4   elements of a cause of action will not do. . . .   Factual allegations must be enough to

5   raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550

6   U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state

7   a claim to relief that is plausible on its face."  *Id.* at 570.  The United States Supreme

8   Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal

9   conclusions can provide the framework of a complaint, they must be supported by factual

10  allegations.  When there are well-pleaded factual allegations, a court should assume their

11  veracity and then determine whether they plausibly give rise to an entitlement to relief."

12  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

13          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

14  elements:  (1) that a right secured by the Constitution or laws of the United States was

15  violated, and (2) that the alleged deprivation was committed by a person acting under the

16  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

17  **II.      LEGAL CLAIMS**

18          Plaintiff states that he was exposed to lead paint and asbestos while working in a

19  prison facility.

20          Deliberate indifference to an inmate's health or safety violates the Eighth

21  Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official violates the

22  Eighth Amendment only when two requirements are met: (1) the deprivation alleged is,

23  objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent

24  to the inmate's health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

25  Under the deliberate indifference standard, the prison official must not only "be aware of

26  facts from which the inference could be drawn that a substantial risk of serious harm

27  exists," but "must also draw the inference."  *Id.* at 837.

28

United States District Court
Northern District of California

1        Plaintiff states that in May and early June 2012 he was required to clean and work

2   in an area containing lead paint and asbestos.  He was not given proper protective

3   clothing and the wrong type of mask.  While he was provided a shower he was not given

4   fresh clothing and had to wear the same clothing that was exposed to the lead paint and

5   asbestos.  Plaintiff does not describe any health effects but states prison officials will not

6   have him tested and he continues to be exposed to asbestos.  Plaintiff seeks money

7   damages and injunctive relief.  Liberally construed, plaintiff's claims for exposure to lead

8   paint and asbestos and failure to have him tested are sufficient to proceed.

9   **CONCLUSION**

10        1.  The clerk shall issue a summons and the United States Marshal shall serve,

11   without prepayment of fees, copies of the complaint with attachments and copies of this

12   order on the following defendants, who apparently work in the Prison Industries Section

13   of San Quentin State Prison (CAL-PIA): Joe Dobie, Gary Loredo, Brad Smith, Jeremy

14   Young, and Philip Early.

15        2.  In order to expedite the resolution of this case, the court orders as follows:

16        a.  No later than sixty days from the date of service, defendants shall file a

17   motion for summary judgment or other dispositive motion.  The motion shall be supported

18   by adequate factual documentation and shall conform in all respects to Federal Rule of

19   Civil Procedure 56, and shall include as exhibits all records and incident reports

20   stemming from the events at issue.  If defendant is of the opinion that this case cannot be

21   resolved by summary judgment, she shall so inform the court prior to the date her

22   summary judgment motion is due.  All papers filed with the court shall be promptly served

23   on the plaintiff.

24        b.  At the time the dispositive motion is served, defendants shall also serve,

25   on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154

26   F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120

27   n. 4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand*

28   and *Wyatt* notices must be given at the time motion for summary judgment or motion to

1    dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

2             c.   Plaintiff's opposition to the dispositive motion, if any, shall be filed with

3    the court and served upon defendants no later than thirty days from the date the motion

4    was served upon him.  Plaintiff must read the attached page headed "NOTICE --

5    WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-

6    954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir.

7    1988).

8             If defendants file a motion for summary judgment claiming that plaintiff failed to

9    exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

10   plaintiff should take note of the attached page headed "NOTICE -- WARNING

11   (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d

12   1108, 1120 n. 4 (9th Cir. 2003).

13            d.   If defendant wishes to file a reply brief, he shall do so no later than

14   fifteen days after the opposition is served upon her.

15            e.   The motion shall be deemed submitted as of the date the reply brief is

16   due.  No hearing will be held on the motion unless the court so orders at a later date.

17            3.  All communications by plaintiff with the court must be served on defendant, or

18   defendant's counsel once counsel has been designated, by mailing a true copy of the

19   document to defendants or defendants' counsel.

20            4.  Discovery may be taken in accordance with the Federal Rules of Civil

21   Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) is

22   required before the parties may conduct discovery.

23            5.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

24   informed of any change of address by filing a separate paper with the clerk headed

25   "Notice of Change of Address."  He also must comply with the court's orders in a timely

26

27

28

United States District Court
Northern District of California

4

1

2   fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

3   pursuant to Federal Rule of Civil Procedure 41(b).

4        **IT IS SO ORDERED.**

5   Dated:  April 22, 2016

6
                                                    _____
7                                                   PHYLLIS J. HAMILTON
                                                    United States District Judge
8

9   \\CANDOAK\Data\Users\PJHALL\_psp\2016\2016_01098_Thao_v_California_Prison_Industry_Authority_(PSP)\16-cv-01098-PJH-
    serve.docx

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

1

2                          UNITED STATES DISTRICT COURT

3                         NORTHERN DISTRICT OF CALIFORNIA

4

5    NOU THAO,                                    Case No.  16-cv-01098-PJH

                    Plaintiff,
6
                                                  **CERTIFICATE OF SERVICE**
          v.
7
     CALIFORNIA PRISON INDUSTRY
8    AUTHORITY, et al.,

9                   Defendants.

10
          I, the undersigned, hereby certify that I am an employee in the Office of the Clerk,
11
     U.S. District Court, Northern District of California.
12

13
          That on April 22, 2016, I SERVED a true and correct copy(ies) of the attached, by
14
     placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter
15
     listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an
16
     inter-office delivery receptacle located in the Clerk's office.
17

18   Nou  Thao ID: Prisoner Id J-27560
     San Quentin State Prison
19   San Quentin, CA 94974

20

21
     Dated: April 22, 2016
22

23                                               Susan Y. Soong
                                                 Clerk, United States District Court
24

25

26   By:_____
                                                 Nichole Peric, Deputy Clerk to the
27                                               Honorable PHYLLIS J. HAMILTON

28

                                            7